[Patent No. 25,235 was granted to B. Lauth, August 23, 1859, and has not, so far as ascertained, been involved in any other cases reported prior to 1880.]

---

## Case No. 12,390.

### SAVIN v. The JUNO.

[1 Woods, 300.][1]

Circuit Court, D. Louisiana. Nov., 1873.

SEAMEN — WAGES — RECEIPT UPON PAYMENT OF LESS THAN AMOUNT DUE—NUDUM PACTUM.

A mariner having repeatedly asked for his wages without receiving them, and being in a strange land and in great need of money, agreed to take one-third the amount due him in full payment, and release the ship and owners, and on payment of one-third the amount due signed

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

a receipt in full; *held*, that the agreement to take less than the whole amount due was nudum pactum and the receipt no bar to a recovery for the balance due.

[Cited in The City of New Orleans, 33 Fed. 684.]

[Appeal from the district court of the United States for the district of Louisiana.]
In admiralty.

E. N. Whittemore, for libellant.
Jos. P. Horner, for claimant.

WOODS, Circuit Judge. This is a case in admiralty, appealed from the district court. The libellant claims the sum of eighty-eight dollars and twenty-five cents, as the balance due him on his wages as cook and steward of the ship Juno, for services rendered as such from the first of August, 1872, until the 14th of January, 1873. The defence which is set up by way of peremptory exception is, that on the 24th of January, 1873, the libellant in consideration of the sum of $55, released the Juno, her captain and owners from the claim set forth in the libel.

The facts as shown by the proof are, that the ship was indebted to the libellant in the sum of one hundred and thirteen dollars and sixty-eight cents. Instead of paying him the amount, the captain paid him one-third of the amount and took his receipt in full for the $113.68. The libellant understood the purport of the receipt when he signed it, and agreed to take one-third the amount due him in full payment, but he had repeatedly tried to get his pay from the captain without success, and was in a strange place and at the time he signed the receipt, in great need of money.

The question is, does the receipt bar him from the recovery of the money which it is admitted was due him and has not been paid? I am clearly of the opinion that it does not. By the common law an agreement not under seal to take a sum less than was due in satisfaction, was nudum pactum, and could not be enforced. In the admiralty an acquittance and release, under seal even, executed by a seaman on the payment of his wages, does not operate as an estoppel, but is treated as a common receipt. It is prima facie but not conclusive proof of payment. The David Pratt [Case No. 3,597]; Harden v. Gordon [Id. 6,047]; Thomas v. Lane [Id. 13,902].

The question is, what is due the libellant? Only one-third of his wages has been paid him. His agreement to take less is nudum pactum. The taking of a receipt in full from him does not pay him the other two-thirds, nor does the receipt constitute a contract binding upon him not to demand the balance due him, and is no bar to a recovery.

Let there be a decree for the libellant for $79.12, the residue of his wages which it is conceded was not paid, with interest from January 24, 1873, the day when it was due, and costs, in the district and circuit courts.