## THE CITY OF NEW ORLEANS.[1]

### WALKER et al. v. THE CITY OF NEW ORLEANS.

*(Circuit Court, E. D. Louisiana. January 16, 1888.)*

1. SEAMEN—EMPLOYMENT OF DECKHANDS—ROUND TRIP—DISCONTINUANCE.

   Some roustabouts shipped for the round trip from Cairo to New Orleans and back. When the boat arrived at New Orleans, the voyage was broken up by the direction of the owner, on account of ice in the river above Cairo. The river was free below Cairo, and there was no reason beyond the will of the owner. why the voyage was not completed. *Held*, that on their discharge, under these circumstances, the libelants were entitled to be paid their wages for the voyage or round trip, and for their necessary expenses in returning home.

2. SAME—EMPLOYMENT OF DECKHANDS—ROUND TRIP—DISCONTINUANCE—WAIVER OF CLAIM FOR WAGES.

   The owner paid the wages of the roustabouts to date of discharge, and tendered each a ticket back to Cairo, or cash in lieu thereof. *Held*, that the acceptance on the part of libelants of wages up to date of discharge, and of tickets, or money in lieu of passage, did not bar them from claiming the balance of wages or passage money which was their due.

3. ADMIRALTY—PRACTICE—PLEADING AND PROOF—AMENDMENT.

   In a suit in admiralty, the case presented was one in which the proof and the allegations did not correspond. Damages on one cause of action were alleged, and the right to damages on another was proved. *Held*, that in admiralty proceedings parties were permitted to introduce new allegations and new proof, and that to do justice on the case, the libelants must amend.

In Admiralty.

*John D. Grace*, for libelants.

*F. D. King*, for claimant.

PARDEE, J. In the month of December, 1886, the libelants, Tom Walker, Dick Norris, Tom Young, Louis Barlow, and Albert Lee, at Cairo, Illinois, shipped on board the City of New Orleans, as roustabouts, for a round trip to New Orleans and back to Cairo; wages to be $30 per month. The voyage to New Orleans was made in about nine and a half days, and during the same the libelants performed their respective duties, to the satisfaction of the boat's officers. On the arrival at New Orleans, the voyage was broken up by the direction of the owner, the boat was laid up, and the crew, including libelants, discharged. The voyage was broken up by direction of the owner on account of ice in the river above Cairo; but the river was free below Cairo, and there was no reason beyond the will of the owner why the voyage for which libelants shipped was not made. On their discharge, under these circumstances, the libelants were entitled to be paid their wages for the voyage or round trip for which they engaged, and for their necessary expenses in returning home. See Fland. Mar. Law, § 492; Curt. Merch. Seam. 295; Desty, Shipp. & Adm. § 162, and cases cited. The libelants were paid their wages up to the arrival in New Orleans and discharge, and Tom Walker and Dick Norris were given a ticket for deck passage on the Paris C. Brown, not including meals, and Tom Young and Louis Barlow were given two dol-

[1] Reported by Charles B. Stafford, Esq., of the New Orleans bar.

lars each, alleged to be the cost of such ticket. Walker and Young applied for such transportation home as would give them meals during the passage home, and were refused.

The evidence is that by the river the passage from New Orleans to Cairo requires seven days; the cost appears to be three dollars for passage and fifty cents per day for meals, making six dollars and a half for transportation. Wages for the seven days estimated for the trip, at $30 per month, would amount to seven dollars. Each of these libelants, then, on his discharge was entitled to thirteen dollars and a half, or seven dollars and necessary expenses home; this latter worth six and a half dollars in addition to the wages. In this state of the case libelants, through their proctor, filed a libel against the said steam-boat, in the district court of this district, denominated a libel for damages in a cause of wages, civil and maritime, in which it is propounded at length that the libelants who had been employed as laborers to put freight aboard were kidnapped in Cairo by being enticed into the mess-room of the boat under the pretense of giving them supper, and were then locked in and guarded until the boat started on her voyage; that the boat did not land for 40 miles, and then in the night and cold weather, and that libelants, fearing that if they left the boat at such landing they would perish of cold and exposure, came to New Orleans, believing they would be carried back home on the return-trip of the boat, as was promised them by the head mate. The laying up of the boat in this port is alleged, but no averment is made as to discharge or the payment of any wages. The unjustifiable conduct of the officers in carrying away libelants without their consent, the large wages that libelants were getting at home, and could have earned, the comforts of their home life, their loss of time and pain of mind, are all alleged as a basis on which libelants should be decreed, as prayed for, compensatory and exemplary damages.

On the hearing, the libelant's actual case, as hereinbefore stated, is proved; while their case, as set forth in their libel, is not proved, but is shown to be, if not wholly imaginary, grossly exaggerated, and largely fictitious. As the evidence developed, the claimant filed his answer denying the kidnapping, setting out the shipment of the libelants for a round trip from Cairo to New Orleans and back to St. Louis, the laying up of the boat at this port because of ice above Cairo, the discharge of libelants at this port, the payment of wages to date of discharge, and the tender to each of a ticket on the Paris C. Brown back to Cairo, or cash in lieu thereof; that the libelants, except Albert Lee, received one or the other, and went away satisfied, and that the libel was the first intimation of dissatisfaction; and thereupon tender is made in court of $5 to Albert Lee for passage home, and to Tom Walker of $3, which it is said (in the answer) the evidence shows that he claims for meals. The acceptance on the part of the libelants of wages up to the date of discharge, and of tickets or money in lieu of passage, does not bar them from claiming the balance which was their due. Desty, Shipp. & Adm. § 151; Savin v. The Juno, 1 Woods, 300. The case presented is one where the allegations and the proof do not correspond, damages on one cause of ac-

tion are alleged, and the right to damages on another are proved; and, to do justice on the case made, the libelants must amend.   In admiralty proceedings amendments both in matters of form and substance are very liberally allowed and parties are permitted, whenever the substantial merits and justice require it, to introduce new allegations and new proof. Dunl. Adm. Pr. 211, *et seq.*   Admiralty rule 24 provides for amendments in matters of substance, upon such terms as the court shall impose.   See *The Charles Morgan*, 115 U. S. 69, 5 Sup. Ct. Rep. 1172.

Considering that the case as presented in the libel may have some foundation in fact, so far as means were resorted to to keep libelants aboard after they had shipped, (and on this point the failure to produce or account for the aggressive mate is the main circumstance;) and that the fault in stating the case may not be wholly libelants', I am disposed to allow an amendment showing the actual facts, before entering a final decree in the case.   On proper amendment, a decree will be entered giving judgment in favor of the libelants, as follows:   Tom Walker, $13.50, less $3, tendered in court; Albert Lee, $13.50, less $5, tendered in court; Dick Norris, $13.50; Louis Barlow, $11.50; Tom Young, $11.50; and condemning libelants to pay all costs, after applying thereto the $8 heretofore tendered in court.